# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MATTHEW CROAK,            )
                                 )
       Plaintiff,          )
                                 )
     vs.               )      Case No. 4:18-cv-01499-JAR
                                 )
ARTHUR DINICOLANTONIO, et al.,   )
                                 )
     Defendants.     )
                                 )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Transfer Venue. (Doc. 18.) On April 26, 2019, the Court held a hearing on the Motion. The day before the hearing, Defendants moved for leave to file a supplemental reply. (Doc. 36.)

### Background

This case arises out of the 2015 purchase of a performance speed boat. The buyer, Plaintiff, is a Missouri resident. The sellers, Defendant Arthur Dinicolantonio is a Texas resident and owner of Defendant orig American Offshore Powerboats LLC ("OAOP"), a Texas LLC. Plaintiff asserts that Defendants misrepresented the state of the boat and fraudulently induced him to purchase the boat despite it being unsafe and unusable. The parties negotiated the sale of the boat primarily through email and the purchase price was paid in three installments via wire transfer initiated in Missouri and sent to a Texas bank account.

Since the purchase, the boat has undergone significant repair in both Missouri and in Texas. Both sides intend to present testimony from expert mechanics as to the state of the boat at the time of sale and the necessity, extent, and cost of the repairs. Defendants also intend to

present testimony from an OAOP employee. All of Plaintiff's witnesses are Missouri residents and all of Defendants' witnesses are Texas residents. Defendants seek an order transferring this case to the Southern District of Texas.

## Legal Standard

Transfer is authorized under 28 U.S.C. § 1404(a) if the case could have been brought in the new venue and if transfer is in the interest of justice. When determining whether justice would be served by transferring the case, the interests which the Court should consider include: 1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if a transfer is granted; and 7) practical considerations of cost and efficiency. *Charter Commc'ns, Inc. v. McCall*, No. 4:05CV332JCH, 2005 WL 2076415, at *1 (E.D. Mo. Aug. 26, 2005) (quoting *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001)). The burden is on the moving party to show that transfer is appropriate. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

## Analysis

The Court concludes that, while some factors favor transferring the case to the Southern District of Texas, many more support trying the case in this district. In addition to the reasons stated on the record, the Court notes that several circumstances either cut both ways or counsel against transfer. First, while Defendants' online advertisement was hosted on a Texas server, it was directed to a Missouri buyer. Second, the negotiation, purchase, and payment for the boat took place electronically such that it cannot be said that those events occurred exclusively in either district. Third, the sale was completed in Missouri when Plaintiff took delivery of the boat for final inspection and sent the final installment of the purchase price. Fourth, nearly every

witness identified by either party could be considered a non-retained expert insofar as they will opine as to the state of the boat and the necessity, extent, and cost of the repairs; as such their relative inconvenience is not of significant weight. Finally, Plaintiff sues under Missouri law—including the Missouri Merchandizing Practices Act; Missouri has a significant interest in enforcing laws that protect Missouri consumers.

Accordingly,

**IT IS HEREBY ORDERED** that, for the reasons stated on the record at the start of the hearing, Defendants' Motion for Leave to File Supplemental Reply (Doc. 36), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue (Doc. 18), is **DENIED.**

Dated this 26th day of April, 2019.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE